UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV84-3-V
(3:03CR16-2-V)

| | |
|---|---|
| KEVIN DESHAWN BARLOW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's 28 U.S.C. § 2255 "Motion to Vacate filed February 23, 2006, (Document No. 1) and the Government's Motion for Summary Judgment filed April 26, 2006 (Document No. 8.) Petitioner did not file a responsive pleading to the Government's Motion for Summary Judgment. For the reasons stated in this Order, Petitioner's Motion to Vacate will be dismissed.

**I. Factual and Procedural Background**

A review of the record reflects that on March 5, 2003, pursuant to a written agreement with the Government, Petitioner pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846 (Count One), using and carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count Four), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)91) (Count Five). On February 10, 2004, Petitioner was sentenced to 322 months imprisonment. Judgment was entered on March 8, 2004. Defendant did not file an appeal. On November 30,

1

2005, Petitioner wrote a letter to the Court asking that he be permitted to file a § 2255 motion. On February 1, 2006, this Court issued an Order explaining that if the Court were to construe Petitioner's letter as a § 2255 motion, it would be untimely under the Antiterrorism and Effective Death Penalty Act.  The Order also explained that if the Petitioner wished, the Court would construe Petitioner's letter as a motion to vacate and that Petitioner could file additional documentation to support his § 2255 motion and also documentation explaining why his § 2255 motion would be subject to an exception to the limitations period.

On February 23, 2006, Petitioner filed his Motion to Vacate stating that he would like the Court to construe it and his previous filing as a § 2255 motion and explained that his Petition is late because he was under the mistaken belief that his attorney had filed a direct appeal on his behalf.  He argues that his motion should be deemed timely filed pursuant to equitable tolling of the one-year statute of limitations based on extraordinary circumstances, namely, that he was denied effective assistance of counsel because his attorney failed to file a notice of appeal pursuant to Petitioner's instructions, that counsel misled Petitioner into believing that an appeal was being pursued and that Petitioner did not learn that an appeal had not been filed on his behalf until more than a year after his sentence became final.  Specifically, Petitioner claims that "[a]t the conclusion of the sentencing hearing he plainly instructed his counsel Calvin Eugene Murphy, to file a notice of appeal and to actually file an appeal to challenge any error's [sic] at sentencing." (Pet's Memorandum at 6.)  Petitioner also contends that Mr. Murphy agreed to file a notice of appeal, that Mr. Murphy disregarded Petitioner's instructions and did not pursue an appeal on Petitioner's behalf, that Mr. Murphy through his associate, Mr. Finch, misled Petitioner by informing Petitioner that a notice of appeal had been filed and that a brief was being prepared for appeal

2

purposes, and that Petitioner did not learn that a notice of appeal had not been filed in time to file a timely § 2255 motion.

In support of his Memorandum, Petitioner includes a declaration wherein he stated under penalty of perjury that at the conclusion of his sentencing hearing he instructed Mr. Murphy to file a notice of appeal and pursue an appeal to challenge any sentencing errors; that Mr. Murphy acknowledged Petitioner's request to file a notice of appeal on Petitioner's behalf and advised Petitioner he would visit him in the Mecklenburg County

The Government filed a Motion for Summary Judgment on April 26, 2006 (Document No. 7.) Petitioner was given thirty days to file a response to the Government's Motion for Summary Judgment (Document No. 10.) On May 10, 2006 this Court sent Petitioner a Roseboro[1] notice which explained that the Government had filed a Motion for Summary Judgment and allowed Petitioner thirty days within which to file a responsive pleading to the Government's motion (Document No. 10.) On May 30, 2006 Petitioner filed a motion seeking additional time within which to file his response to the Motion for Summary Judgment. Petitioner's request for additional time was granted and Petitioner was given up to and including July 5, 2006 to file a response to the Government's Motion for Summary Judgment. As of the date of this Order, which is two months after Petitioner's responsive pleading was due, Petitioner has not filed a response to the Government's Motion for Summary Judgment.

---

[1] In the case of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Fourth Circuit advised that prior to entering summary judgment against a pro se litigant, "the [petitioner should] be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."

3

## II. Analysis

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

For the purposes of the limitations period of § 2255, when a Petitioner does not file a direct appeal, judgment becomes final when the Judgment and Commitment is filed by the district court. Here, Petitioner's judgment became final on March 8, 2004, when the Judgement and Commitment was filed. Therefore, in order to file a timely 2255 motion, Petitioner had to file such a Motion within one year after his judgment became final. Petitioner did not file a § 2255 motion within the limitations period. Petitioner did not file the Motion for Leave to File Section 2255 Motion until November 30, 2005 and did not offer an explanation to this Court as to why his motion should be subject to an exception to the limitations period until February 23, 2006 –

4

that is, almost one year after the expiration of the limitations period.

Petitioner argues that the time limitation in the AEDPA should be subject to equitable tolling in his case because he was under the impression that his attorney was pursuing an appeal on his behalf and that Petitioner did not learn that an appeal had not been filed on his behalf until more than a year after his sentence became final.

The short response is to note that Petitioner filed the instant Motion to Vacate almost a year too late and his stated reason for doing so does not justify equitable tolling.

In <u>United States v. Prescott</u>, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while § 2255's limitation period is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted. <u>Id</u>. at 688. It is reserved for those situations where it would be unconscionable to enforce the limitations period and if enforced, gross injustice would result. <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000). In order to be entitled to equitable tolling, an otherwise time-barred petitioner must present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4h Cir .2004) <u>citing</u> <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). "Typically, these 'circumstances [are] external to the party's own conduct,' thus making it 'unconscionable to enforce the limitation period against the party.'" <u>Prescott</u>, 221 F.3d at 688, <u>citing</u> <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000).

Here, Petitioner basically claims that because he mistakenly believed that his attorney filed a direct appeal on his behalf and only recently learned that his attorney failed to file such an appeal. He also claims that he is pro se and did not know about the one year limitation period contained in the AEDPA.

5

First, Petitioner fails to establish that simply being pro se and not schooled in the law qualifies as extraordinary, out of his control and which prevented him from filing his § 2255 motion on time. Petitioner's stated reason for failing to timely file his Motion to Vacate will not save his petition. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999).

Next, Petitioner's explanation for his late motion appears to be self serving and convenient. Petitioner's trial counsel submitted an affidavit in connection with Petitioner's allegation that his attorney failed to file an appeal on his behalf. Mr. Calvin Murphy, Petitioner's trial counsel, stated that at no time after Petitioner was sentenced did Petitioner speak to Mr. Murphy directly or in writing or even through his assistant to request that he file an appeal on Petitioner's behalf. Notwithstanding the fact that Petitioner entered into a plea agreement waiving his right to any direct appeal or post conviction relief except as to claims of ineffective assistance of counsel and prosecutorial misconduct, it would have been a simple matter for Mr. Murphy to enter a notice of appeal and move to withdraw as counsel in order to preserve Petitioner's right to assert a claim of ineffective assistance of counsel. Mr. Murphy would have done so if Petitioner had asked him to file an appeal, but he did not ever ask. (Calvin Murphy Affidavit, attached to Mot. For Summary Judgment.) Mr. Murphy further stated that prior to sentencing, Petitioner met with government agents in an attempt to cooperate and to provide substantial assistance in order to receive a 5K1.1 departure. However, counsel for the

Government, Ms. Shappert, informed Mr. Murphy that she would not be making a 5K1.1 motion for Mr. Barlow because he had not provided substantial assistance in a timely manner. Ms. Shappert explained that the agents would follow up on the information Petitioner provided and she would make a Rule 35 motion if appropriate. (Id. at 3-4.) Petitioner then provided a written statement to the Government in April 2004, approximately two months after sentencing. (Id.) Additionally, Petitioner sent a letter to Ms. Shappert in July 2004 asking for another chance to provide information and asked that she visit him so that he could personally talk with her about providing substantial assistance. (Letter to Ms. Shappert, attached as exhibit to Motion for Summary Judgment.)

Mr. Murphy opined that Petitioner continued his attempt to qualify for a reduction in his sentence post sentencing in lieu of filing an appeal. (Murphy affidavit at 3.) In fact, Petitioner's post sentencing attempts to provide further assistance to the Government together with the fact that he waived most of his appellate rights in his plea agreement undermine Petitioner's now convenient argument that his Motion to Vacate is late because he thought his lawyer was pursuing an appeal on his behalf. In fact, it is this Court's experience that the Government would not likely continue to work with a defendant in an effort to gain useful information that could lead to a Rule 35 motion if that defendant decided to pursue his appellate rights most of which were waived pursuant to defendant's plea agreement.

This Court concludes that Petitioner's argument that his Motion to Vacate is untimely because he thought his lawyer was pursuing an appeal on his behalf is simply not credible in light of Mr. Murphy's affidavit and Petitioner's post sentencing efforts to provide substantial information. Furthermore, when given the opportunity to refute the arguments presented by the

7

Government in the Motion for Summary Judgment, Petitioner first filed a motion for an extension of time and when granted, filed no further pleadings. Petitioner never filed a response to the Government's Motion for Summary Judgment. Petitioner was advised by this Court in the <u>Roseboro</u> Order that failure to respond to the Government's motion may subject this action to summary judgment. (Document No. 10.)

For the foregoing reasons, this Court concludes that Petitioner's Motion to Vacate is untimely, does not qualify for equitable tolling, and therefore must be <u>dismissed</u>.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Document No. 1) is <u>dismissed</u> as untimely and the Government's Motion for Summary Judgment (Document No. 7) is GRANTED.

**SO ORDERED**.

Signed: September 5, 2006

Richard L. Voorhees
United States District Judge